### DANIEL F. PICKETT v. CITY OF WATERBURY

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 16364
AT WATERBURY

Memorandum filed December 19, 1946.

*John H. Cassidy,* of Waterbury, for the Plaintiff.

*Hon. Maurice T. Healey* and *John A. Membrino,* both of Waterbury, for the Defendant.

TROLAND, J. The defendant maintains that two causes of action are improperly combined in the first count of the complaint and asks that they be separately stated. The plaintiff claims a single cause of action only is alleged.

Paragraph two of the first count alleges in substance that at a point nine feet easterly of the junction of Madison Street and South Street in Waterbury there existed a defective condition because of which the plaintiff received a fall and certain injuries. Paragraph three of the first count describes the sidewalk at the point in question as out of repair and structurally defective in that a hole, furrow or gully existed, making travel on said walk dangerous. These two paragraphs together set out a cause of action based on § 1420 of the General Statutes for recovery of damages for injuries caused by a defective road.

Notice of the injuries was given after ten days and within sixty days of the injury.

The fourth paragraph alleges that the dangerous condition was made more dangerous by reason of the existence of ice or snow thereon. The plaintiff claims that this paragraph is not of the essence of his cause of action. It appears to the court that paragraphs three and four, taken together, are clearly designed to allege a cause of action permitted by the charter of the city of Waterbury in § 249 thereof, where it is provided: "The city shall in no case be liable for any injury occasioned by ice or snow upon the sidewalks of the city, except in cases where there is some structural defect in such walk which is rendered more dangerous by reason of ice or snow thereon."

Section 1420 of the General Statutes, which creates the cause of action for a defective highway, must be read and considered with § 249 of the Waterbury charter. A cause of action against Waterbury for any injury caused by ice or snow upon its sidewalks requires the written notice within ten days thereafter provided by § 1420.

It therefore appears to the court that the defendant is entitled to have the plaintiff separate his causes of action so that the defendant may set up as to each such defenses as are available.

Motion to separate is granted.